FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 27 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
~~Jonesboro~~ Division
NORTHERN

| | |
|---|---|
| Jesse Cox, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Midland Credit Management, Inc.,<br><br>Defendant(s). | C.A. No: 3:23-cv-00022 LPR<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>This case assigned to District Judge RUDOFSKY and to Magistrate Judge HARRIS |

## COMPLAINT

Plaintiff Jesse Cox (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, against the Defendant Midland Credit Management, Inc. (hereinafter "Defendant" or " MCM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

### INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Arkansas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Arkansas, County of Craighead.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service care of the Corporation

Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, AR 72201.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of Arkansas;

   b. with family members that were sent collection letter(s) from the Defendant;

   c. in an attempt to collect the individuals' consumer debt;

   d. despite the individuals never having resided at the addresses mailed;

   e. without direct permission to contact such third parties given by the individuals; and/or

   f. such individuals that were pressured over the phone by the Defendant to speak with family members after declining to pay the alleged debt;

   g. which communication(s) were made on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the form attached as Exhibit A and described herein, violate 15 U.S.C. §§ 1692c and 1692d.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue

is whether the Defendant's communications to consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. § 1692c and/or 1692d.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

20. Some time prior to August 23, 2022, an obligation was allegedly incurred to Capital One Bank (USA), N.A. ("Capital One").

21. The Capital One obligation arose out of transactions which were primarily for personal, family or household purposes.

22. Thus, Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23. Moreover, the alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Following the alleged default on the obligation, through one or more transactions MCM acquired the right to collect upon the subject debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself and/or creditors using the United States Postal Services, telephone and internet.

26. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violations – Collection Communications*

27. On or about October 21, 2022, Defendant sent the Plaintiff's family a collection letter (the "Letter") regarding the alleged debt owed. (A true and accurate copy of the Letter from the Defendant to the Plaintiff's family is attached hereto as Exhibit A.)

28. On or about the same time, Defendant pressured the Plaintiff during a collection telephone call to speak with family members after declining to pay the alleged debt (the "Call") (Letter and Call collectively, the "Communications")

29. The Letter lists the "Total amount of the debt now" as $721.45.

30. The Letter was sent, without the Plaintiff's consent, to the Plaintiff's family's address at [redacted], despite the Plaintiff never having lived at the family address.

31. Thus, the Letter, *without consent*, seeks to collect the Plaintiff's alleged debt by impermissibly contacting a third-party family member of the Plaintiff.

32. Moreover, the Letter does not fall under any exception to impermissible communications with third parties for the purpose of debt collection because the purpose of the Letter was not to acquire location information about the Plaintiff.

33. Specifically, the Communications were made with the purpose of collecting a debt.

34. Accordingly, the Communications were intended to harass the Plaintiff.

35. Additionally, the Communications abused and embarrassed the Plaintiff.

36. Because of the suspicious nature of the Communications, Plaintiff suspected the Communications might be fraudulent or suspect, in whole or in part.

37. An impermissible communication with a third party is a quintessential example of an abusive attempt to collect a debt.

38. Plaintiff was therefore unable to properly evaluate the demand for payment or how to address it.

39. Plaintiff was therefore unable to make payment on the debt.

40. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

41. Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Communications not been improper.

42. Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

43. He spent this trying to mitigate harm in the form of dominion and control over his funds.

44. He spent this trying to mitigate the harm of the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

45. Defendant's improper acts caused the Plaintiff to suffer reputational harm.

46. Defendant's improper acts caused the Plaintiff to suffer emotional harm, including embarrassment and anxiety.

47. Plaintiff's reputational and emotional harm manifested itself physically in the form of increased heartrate.

48. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

49. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

50. As it relates to this case, the common-law analogues are to the traditional torts of negligent infliction of emotional distress, defamation and conversion.

51. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

52. Plaintiff is entitled to receive proper notice of the debt, as required by the FDCPA.

53. Defendant failed to effectively inform the Plaintiff of this information in violation of the law.

54. These violations by Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

55. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be treated unfairly with respect to any action for the collection of any consumer debt.

56. Defendant's violations with respect to its collection efforts were material violations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

57. As a result of the Defendant's unfair, unconscionable, and harassing debt collection practices, Plaintiff has been damaged.

<u>COUNT I</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c**
*et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

60. Pursuant to 15 U.S.C. § 1692c(b), "… without the prior consent of the consumer given directly to the debt collector… a debt collector may not communicate, in connection with the collection of any debt, with anyone other than the consumer…"

61. Defendant violated § 1692c because the Letter was sent to the Plaintiff's family address without the Plaintiff's consent, and despite the Plaintiff never having lived there, in an attempt to collect the alleged obligation.

62. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692c et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

63. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

65. Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

66. Defendant violated this section by, as described above, sending the collection Letter to the Plaintiff's family and pressuring the Plaintiff to speak with family concerning the debt during the collection Call, the natural (and actual) consequence of which was to harass and abuse the Plaintiff.

67. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jesse Cox, individually and on behalf of all others similarly situated, demands judgment from the Defendant MCM as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.      Awarding the Plaintiff and the Class statutory damages;

3.      Awarding the Plaintiff and the Class actual damages;

4.      Awarding the Plaintiff, the costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

January 19, 2023                    Respectfully Submitted,

                                                         Stein Saks, PLLC

                                                         Yaakov Saks, Esq.
                                                         Bar Number 021132010
                                                         One University Plaza, Suite 620
                                                         Hackensack, NJ 07601
                                                         P. (201) 282-6500
                                                         ysaks@steinsakslegal.com
                                                         Counsel for Plaintiff

# EXHIBIT A



**Midland Credit Management**
350 Camino De La Reina, Suite 100
San Diego, CA 92108
MidlandCredit.com
877-452-7959

Date: 10/31/2022
MCM Account Number: ▓▓▓▓
Mon-Fri: 8am - Midnight ET
Sat-Sun: 8am - 7:30pm ET

**Midland Credit Management, Inc. ("MCM") is a debt collector. We are trying to collect on your CAPITAL ONE BANK (USA), N.A. debt that you now owe to MCM. We will use any information you give us to help collect the debt.**

Jesse Cox,

On 8/23/2022, your account was sold to Midland Credit Management, Inc., which is now the sole owner of this debt. MCM, a debt collection company, will be collecting on and servicing your account. The address we have on file for you is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Sincerely,
Tim Bolin, Division Manager

## Our information shows:

You had a **CAPITAL ONE BANK (USA), N.A. PLATINUM MASTERCARD** account number ending in ▓▓▓▓. Your last payment date was: 6/1/2021. Your date of default was: 8/15/2021. The account charged off on 1/24/2022.

| | |
|---|---:|
| As of 1/24/2022, you owed: | $721.45 |
| Between 1/24/2022 and today: | |
| You were charged this amount of interest: | +$0.00 |
| You were charged this amount in fees: | +$0.00 |
| You paid or were credited this amount toward the debt: | -$0.00 |
| **Total amount of the debt now:** | **$721.45** |

## How can you dispute the debt?

- **Call or write to us by 12/5/2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by 12/5/2022, we must stop collection on any amount you dispute** until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We also accept disputes electronically at www.MidlandCredit.com/response.

## What else can you do?

- **Write to ask for the name and address of the original creditor,** if different from the current creditor. If you write by 12/5/2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We also accept such requests electronically at www.MidlandCredit.com/response.

- Go to **www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.




MidlandCredit.com


877-452-7959


**Respond to this letter online here:**

Notice: See reverse side for important information

## Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

### Important Contact Information

| Send Payments to: | Send disputes or an instrument tendered as full satisfaction of a debt to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc.<br>PO Box 301030<br>Los Angeles, CA 90030-1030 | Attn: Consumer Support Services<br>320 E Big Beaver Rd. Suite 300<br>Troy, MI 48083<br>You may also call: 877-452-7959 | Colorado Manager, Inc.<br>8690 Wolff Court, Suite 110<br>Westminster, CO 80031<br>Phone (303) 920-4763 |

We are required by law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

NMLS ID: 934164

IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov. Nonprofit credit counseling services may be available in the area.

You may request records showing the following: (1) that Midland Credit Management, Inc. has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: 320 E Big Beaver Rd. Suite 300 Troy, MI 48083. California license number pending.

IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/ COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Colorado law requires us to inform you that if you do not make a written request for verification by the date set forth on the front of this letter, you may lose the right to verification.

IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral

---

*[Lower portion of page printed upside down:]*

How do you want to respond?

Check all that apply:
- ☐ I want to dispute the debt because I think:
- ☐ This is not my debt.
- ☐ The amount is wrong.
- ☐ Other (please describe on reverse or attach additional information)
- ☐ I want you to send me the name and address of the original creditor.

se habla español
877-684-0209

MCM Account Number
Current Balance: $721.45
Total Enclosed: $_____

Make checks payable to Midland Credit Management, Inc.
Include your MCM Account Number on your payment.
Mail this form to:
320 E Big Beaver Rd.
Suite 300
Troy, MI 48083

☐ Check here if you provided updated contact information on the reverse side.